# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CLAYTON L. ZAMUDIO,<br><br>                              Plaintiff,<br><br>v.<br><br>3M COMPANY, INC.,<br><br>                              Defendant. | Case No.: 19-CV-2277 W (BGS)<br><br>**ORDER (1) DEFERRING RULING ON PLAINTIFFS' MOTION TO REMAND AND (2) GRANTING EX PARTE APPLICATION TO STAY CASE [DOC. 10]** |

On November 27, 2019, Defendant 3M Company, Inc., removed this case from the Small Claims Court in the Superior Court of California, County of San Diego, Small Claims division. (*Notice of Removal* [Doc. 1].) On December 2, 2019, Defendant filed a Notice of Related Cases, which stated that this case "calls for determination of the same or substantially related or similar questions of law and facts" as thousands of other cases "involv[ing] the same produced Dual-ended Combat ArmsTM Earplugs." (*Notice of Related Cases* [Doc. 4] 2:7–9.) Those related cases have been transferred to a multi-district litigation pending in the Northern District of Florida, MDL No. 2885, *In re: 3M Combat Arms Earplug Products Liability Litigation*. (*Id.* 2:9–12.)

On December 26, 2019, this Court received a Conditional Transfer Order ("CTO") from the Judicial Panel on Multidistrict Litigation ("JPMDL") transferring this case to the Northern District of Florida. (*See CTO* [Doc. 6].) On or about December 31, 2019, Plaintiff filed a notice of opposition to the CTO. (*See Stay of CTO* [Doc. 9].) As a result, the JPMDL issued a stay of the CTO to allow for resolution of Plaintiff's challenge to the transfer. (*Id.*)

On January 2, 2020, Plaintiff filed a motion to remand this case to state court. (*See Remand Mot.* [Doc. 8].) On January 13, 2020, Defendant filed an opposition to the motion (*Opp'n* [Doc. 13]) and an ex parte application to stay this matter pending the JPMDL's resolution of the CTO. (*Ex Parte* [Doc. 10].)

"The general rule is for federal courts to defer ruling on pending motions to remand in MDL litigation until after the JPMDL has transferred the case to the MDL panel." Jackson v. Johnson & Johnson, Inc., No. 01-2113 DA, 2001 WL 34048067, at *6 (W.D.Tenn. April 3, 2001). Accordingly, until the transfer issue is resolved, this Court will defer ruling on Plaintiff's motion to remand.

With respect to Defendant's ex parte application, district courts have the inherent power to stay proceedings. See Rivers v. Walt Disney Co., 980 F. Supp. 1358 (C.D. Cal. 1997). "This power to stay is 'incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants.'" Id. at 1360 (quoting Landis v. North American Co., 229 U.S. 248, 254 (1936)); see also Leyva v. Certified Grocers of Cal., Ltd., 593 F.2d 857, 863–864 (9th Cir. 1979) (trial court may stay matter pending resolution of judicial administrative, or arbitral proceedings) (citations omitted).

In deciding whether to stay an action, a district court "must weigh competing interests and consider the effects of the stay on the Court's docket, on counsel and on the litigants." Crown Central Petroleum Corp. v. Dep't of Energy, 102 F.R.D. 95, 98–99 (D. Md. 1984). Imposing a stay in this case will delay resolution of Plaintiff's motion to remand, and it may delay the ultimate resolution of this case. However, it will also preserve judicial resources, and avoid the possibility of conflicting rulings. It will also

conserve the parties' resources. By imposing a stay in this case, the parties may focus on the issue of transfer, and depending on the outcome of that issue, tailor their motion to remand, either to this Court or the transferee court.

For these reasons, the Court **GRANTS** Defendant's ex parte application [Doc. 10] and **ORDERS** this case **STAYED** pending a final determination from the JPMDL on the issue of transfer. Defendant shall immediately notify the Court when this issue has been resolved.

**IT IS SO ORDERED**.

Dated:  January 24, 2020

Hon. Thomas J. Whelan
United States District Judge